UNITED STATES of America,
Plaintiff–Appellee,

v.

Rocio Maria GUZMAN, Defendant–
Appellant.

No. 00–50432.
D.C. No. CR–99–00002–RJT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted on March 6, 2002.

Decided March 12, 2002.

Before PREGERSON, FISHER, and
TALLMAN, Circuit Judges.

MEMORANDUM[1]

Rocio Maria Guzman ("Guzman") was convicted, following a jury trial, of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Guzman appeals the district court's denial of her motion for a judgment of acquittal based on the insufficiency of the evidence, pursuant to Rule 29(c).[2] We review a district court's decision to deny a Rule 29(c) motion for judgment of acquittal based on insufficiency of the evidence de novo. *United States v. Magallon–Jimenez,* 219 F.3d 1109, 1112 (9th Cir.2000), *cert. denied,* 531 U.S. 1177, 121 S.Ct. 1152, 148 L.Ed.2d 1013 (2001). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

It is undisputed that Guzman was in the company of people who were conspiring to sell methamphetamine to an undercover officer on the evening of December 17,

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. Guzman also appeals the district court's denial of her motion for a new trial on the grounds that Guzman's conviction was against the weight of the evidence and the district court abused its discretion when it granted the jurors' request for a twenty-three day recess during deliberations. Because we find the evidence insufficient to sustain Guzman's convictions, there is no need for us to address these claims.

**276**

1998. However, "after viewing the evidence in the light most favorable to the prosecution," we conclude that no rational trier of fact could have found that Guzman participated in this conspiracy or possessed methamphetamine with the intent to distribute. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. Estrada–Macias*, 218 F.3d 1064, 1066 n. 2 (9th Cir.2000). The government's "inculpatory characterization[s]" of Guzman's conduct are unsupported by the record, and are insufficient to demonstrate knowledge of the conspiracy or any sort of possession of methamphetamine. *United States v. Penagos*, 823 F.2d 346, 349 (9th Cir.1987). Further, the government has not presented sufficient evidence to convince a rational trier of fact beyond a reasonable doubt that its explanation for Guzman's presence with the co-conspirators, as opposed to Guzman's innocent and corroborated explanation, was "the correct one." *United States v. Vasquez–Chan*, 978 F.2d 546, 549 (9th Cir.1992).

Accordingly, we conclude that the district court erred when it denied Guzman's Rule 29(c) motion for a judgment of acquittal. Guzman's convictions for conspiracy to distribute methamphetamine and possession with the intent to distribute methamphetamine are REVERSED.